UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12565-RWZ

JANICE MODICA

v.

U.S. BANK, N.A., AS TRUSTEE FOR CITIGROUP
MORTGAGE LOAN TRUST 2006-WFHE2 ASSET-BACKED
PASS-THROUGH CERTIFICATES, SERIES 2006 WFHE2, and
WELLS FARGO BANK, N.A.

MEMORANDUM AND ORDER

August 29, 2017

ZOBEL, S.D.J.

Plaintiff Janice Modica, the mortgagor, brought this action in state court against U.S. Bank, N.A. ("U.S. Bank"), as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE2 Asset-Backed Pass-Through Certificates, Series 2006 WFHE2 (the "Trust") and Wells Fargo Bank, N.A (collectively "defendants"). On December 21, 2016, defendants removed the action to this court based on diversity jurisdiction. Docket # 1.

Plaintiff seeks a declaratory judgment that U.S. Bank, as trustee, did not have the authority to exercise the statutory power of sale under Massachusetts General Law chapter 244, section 14 to foreclose on plaintiff's property (Count I). She also asserts that Wells Fargo violated Massachusetts regulations, 209 C.M.R. 18.21A(2) and 209 C.M.R. 18.22 (Count II), and that U.S. Bank, as trustee, slandered the title of her property (Count III). Docket # 1-1. Defendants have moved to dismiss the verified complaint asserting that plaintiff lacks standing to challenge the validity of the mortgage

assignment and that the verified complaint fails to state a claim upon which relief can be granted. Docket # 8.

## I. Factual Background

The following facts come directly from plaintiff's verified complaint as well as documents, including official public records, referenced in, attached to, and central to the complaint, which were provided by both parties. See Watterson v. Page, 987 F.2d 1, 4 (1st Cir. 1993).

### 1. Mortgage, Note, and Assignments

On May 24, 2006, plaintiff executed an adjustable rate promissory note and mortgage in favor of Wells Fargo in the amount of $360,000 for a property located at 98-100 Lancaster Avenue, Revere, MA 02151 (the "Property"). On April 19, 2010, Wells Fargo assigned the mortgage and note to U.S. Bank, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE2, and on April 20, 2010, the assignment was recorded in Suffolk County Registry of Deeds. Docket # 1-4, at 50. Wells Fargo filed a corrective assignment on July 27, 2012, "to fix the scriveners error in the previously recorded Assignment of Mortgage . . . as it relates to the assignee." Docket # 1-4, at 44. The corrective assignment identified the assignee as U.S. Bank, N.A., as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE2, Asset-Backed Pass-Through Certificates, Series 2006-WFHE2. Id. (emphasis added).

### 2. Pooling Service Agreement

The Trust is governed by its Pooling and Servicing Agreement ("PSA"), dated August 1, 2006, executed among the depositor (Citigroup Mortgage Loan Trust Inc), the servicer (Wells Fargo), the trust administrator (CitiBank, N.A.), and the trustee (U.S.

2

Bank). Docket # 1-3. The PSA authorizes the depositor (Citigroup Mortgage Loan Trust Inc.) to transfer its mortgage loans to the trustee (U.S. Bank), on or before the closing date of August 1, 2006, or within two years thereafter. Docket # 1-1, at ¶¶ 43–45.

### 3. Foreclosure

Plaintiff defaulted on her loan beginning in May 2007, but for reasons that were unexplained in the verified complaint, foreclosure proceedings did not begin until 2016. See Docket # 1-4, at 2–5 (loan information report stating that foreclosure was referred on May 17, 2007, and account had been past due for 3,189 days). On November 9, 2016, Wells Fargo's counsel sent a notice letter to plaintiff, enclosing the Notice of Mortgagee's Sale of Real Estate and informing her that the Property was scheduled to be sold at a public auction on December 14, 2016. Docket # 1-2, at 2–3. The letter also included a "Certification Pursuant to Massachusetts 209 C.M.R. 18.21A(2)(c)," which recited that the loan on the Property was in default. Id. at 4. The Certification further identified the chain of title of the mortgage, reflecting the two mortgage assignments, and identified U.S. Bank, as trustee for the Trust, as the current owner of the note and assignee of the mortgage. Id. at 4–5.

About one month later, in December 2016, plaintiff filed a verified complaint in the superior court against defendants asserting three counts related to U.S. Bank's foreclosure on the Property. Defendants removed the matter to federal court and now seek to dismiss the verified complaint.

## II. Standard of review

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 52--53 (1st Cir. 2013).

## III. Analysis

### 1. Count 1 – Declaratory Judgment

Plaintiff alleges that U.S. Bank, as trustee, "has not established that it has met all statutory necessary condition precedents to invoke [the power of sale] under G.L. c. 244, § 14 against Plaintiff." Docket # 1-1, at ¶ 19(2). She challenges compliance of the transfer of the mortgage and note into the Trust with the "controlling terms of its Governing Instrument PSA, in order to be among the held corpus assets," id. at ¶ 21; see also id. at ¶ 62 (alleging that failure by U.S. Bank to establish that the note and mortgage were "legally conveyed to [U.S. Bank] under the terms of the Defendant trust's Governing Instrument undeniably precludes [U.S. Bank] from claiming as a proper statutory party to invoke the remedy under G.L. c. 244, § 14.").

It appears that plaintiff has put forth two primary arguments in support of her claim. First, she alleges that in order for U.S. Bank, as trustee, to have authority to enforce plaintiff's note and mortgage as a "legally held corpus asset" for the Trust, the Trust must first have held plaintiff's note and mortgage in order to convey it to U.S.

4

Bank per the terms of the PSA. Id. at ¶¶ 23–27, 61–63; see also id. at ¶ 109 (arguing that "[t]here is no document that establishes that the Plaintiff's note, or mortgage, was ever a legally held asset of the Defendant Trust's corpus assets"). Second, she alleges that the two assignments in 2010 and 2012 "indisputably contravene[] the terms of the [PSA]," because "they both indisputably recite that such transfer[s] occurred more than two (2) years after the 'Closing Date' of August 1, 2006, and also after the August 01, 2008 date to be a 'Qualified Substitute Mortgage Loan." Id. at ¶ 50. Thus, she claims, the "recorded assignments that the Defendants purport to rely upon; [sic] indisputably contravene the terms of the [PSA] for any legal transfer of the 'power of sale' in Plaintiff's mortgage to be a current legally held corpus asset." Id. at ¶ 55.

Central to plaintiff's claim are allegations that the assignments fail to comply with the terms of the PSA. Defendants argue that plaintiff lacks standing as a mortgagor to challenge the validity of the assignments.[1] They are correct. "[A] mortgagor has standing to challenge a mortgage assignment as invalid, ineffective, or void . . . ." Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013). However, "[u]nder Massachusetts law, it is clear that claims alleging disregard of a trust's PSA are considered voidable, not void," Butler v. Deutsche Bank Trust Co.

---

[1] Plaintiff seeks to distinguish the facts and allegations of her case, see e.g., Docket # 1-1, at ¶¶ 64–70, from a long line of cases in this circuit and Massachusetts state courts that have held that mortgagors lack standing to challenge the validity of assignments based on alleged non-compliance with the PSA, and disputes defendants' characterization of her allegation as a "breach of contract" theory. Docket # 10, at 2. But plaintiff's claim—even packaged under a "trust law principal" theory—is no different. She explicitly acknowledges that defendants' failure to "comport with the express terms of the [PSA] . . . creates the foundational legal basis for the plausibility of Plaintiff's claim for relief under Massachusetts Law as alleged within Count I." Docket # 10, at 8. Although plaintiff devotes much paper to escape this conclusion, the attempt is of no avail. See Rosenberg v. Wells Fargo Bank N.A., 207 F.Supp.3d 112, 114 (D. Mass. 2016) ("In all probability, the opaqueness of [plaintiff's] factual assertions and the befuddling legal arguments propounded in support of her claims are nothing more than a futile attempt to mask the reality that her case is not distinguishable.").

Americas, 748 F.3d 28, 37 (1st Cir. 2014) (citations omitted). Accordingly, plaintiff lacks standing to challenge the validity of the assignments because her allegations, even if taken as true, would leave the assignments only voidable, not void.[2] Id. (affirming lower court's dismissal of mortgagor's claim for lack of standing to challenge an assignment that was voidable, not void).

### 2. Count II – Violation of 209 C.M.R. 18.21A(2) and 209 C.M.R. 18.22

Plaintiff next alleges that Wells Fargo, as servicer of the loan, violated Massachusetts regulations 209 C.M.R. 18.21A(2) and 209 C.M.R. 18.22. 209 C.M.R. 18.21A(2)(c) provides:

> A third party loan servicer shall certify in writing the basis for asserting that the foreclosing party has the right to foreclose, including but not limited to, certification of the chain of title and ownership of the note and mortgage from the date of the recording of the mortgage being foreclosed upon. The third party loan servicer shall provide such certification to the borrower with the notice of foreclosure, provided pursuant to M.G.L. c. 244, § 14 and shall also include a copy of the note with all required endorsements.

209 C.M.R. 18.22 provides that a violation of 209 C.M.R. 18.21A(2) constitutes a violation of Chapter 93A. Plaintiff, however, does not bring a Chapter 93A claim against Wells Fargo in Count II of her complaint. See Docket # 1-1, at 16 (cause of action titled, "Count II - Violation of 209 C.M.R. 18.21(A)(2); 209 C.M.R. 18.22").

---

[2] Plaintiff also seeks to challenge the assignments under New York law, specifically arguing that under New York Estates, Powers and Trusts Law, section 7-2.4, "any act by a Trustee in contravention of the terms of a trust represents a void transaction." Docket # 1-1, at ¶ 54. First, plaintiff fails to provide any legal analysis to support her contention that New York law should govern whether the assignments were void. Cf. U.S. Bank Nat'l Assoc. v. Bolling, 57 N.E.3d 1033, 1035 (Mass. 2016) ("Massachusetts applies its own law to claims and defenses involving real property located within its borders."). Regardless, the outcome of standing would be the same under New York law, see Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 88 (2d Cir. 2014) (holding that "under New York law, only the intended beneficiary of a private trust may enforce the terms of the trust"), as would the finding that any failure to comply with the terms of the PSA would not render the assignment void but voidable because "[u]nder New York law, unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries," id. (citations omitted).

In any event, Wells Fargo, as servicer of the loan, complied with the terms of 209 C.M.R. 18.21A(2)(c). In the Certification that Wells Fargo's counsel sent to plaintiff, it provided the chain of title and ownership of the mortgage and note, along with the notice of foreclosure. See Docket # 1-2. Plaintiff alleges, however, that Wells Fargo failed to identify the "entire chain," Docket # 1-1, at ¶ 121, of title because it failed to identify "all intermediary entities claiming to have 'purchased' Plaintiff's Mortgage Loan, to the foreclosing claimant Trustee." Id. at ¶ 123. The premise of this argument appears to be based on plaintiff's construction of Exhibit D to the PSA (Form of Assignment and Recognition Agreement), which she alleges reflects that on March 1, 2006, "after the 'origination' of Plaintiff's Mortgage Loan, [Wells Fargo] immediately sold the ownership of the Plaintiff's Note, Mortgage, and right to enforce the power of sale to Citigroup Global Markets Realty Corp.," Docket # 1-1, at ¶ 25, who would assign the mortgage loans to the depositor (Citigroup Mortgage Loan Trust Inc.), who would then transfer the mortgage loans to the trustee (U.S. Bank). It is unclear how Wells Fargo could have sold plaintiff's note and mortgage to Citigroup Global Markets Realty Corp. on March 1, 2006, nearly two months prior to the loan origination date. Nonetheless, plaintiff does not contest that Wells Fargo was the original mortgagee of plaintiff's note and mortgage, and thus, had authority to assign the mortgage instruments directly to U.S. Bank as trustee of the Trust. See Docket # 1-1, at ¶ 63 (acknowledging Wells Fargo as the original mortgagee). Thus, "[i]f intermediate transfers did occur, but were not recorded, Plaintiff still has no claim. He received a certification with a chain of title showing the foreclosing party's basis for asserting the right to foreclose." Johnson v. Wilmington Trust, N.A., No. 16-cv-10422-IT, 2016 WL 5109510, at * 5 (D. Mass. Sept.

7

20, 2016); see also In re Samuels, 415 B.R. 8, 22 (Bankr. D. Mass. 2009) ("Even if this direct assignment [from Wells Fargo to U.S. Bank, as trustee of the Trust] were somehow violative of the PSA, giving rise to unfavorable . . . contractual . . . consequences, neither the PSA nor those consequences would render the assignment itself invalid."). Accordingly, Count II must be dismissed.

### 3. Count III – Slander of Title

Plaintiff concedes that her slander of title claim is wholly derivative of her claim discussed in Count I. Docket # 10, at 20. As stated above, Count I fails and thus Count III fails as a matter of law.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss the Verified Complaint (Docket # 8) is ALLOWED.

Plaintiff's Motion for Leave to File Sur-Reply (Docket # 16) is DENIED.

Judgment may be entered dismissing the complaint.

|  |  |
|---|---|
| August 29, 2017 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |

8